UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
ROGER STEIN,

                                    Petitioner,

        - v -                                                                 9:04-CV-0439
                                                                                          (NAM/GHL)

SUPERINTENDENT ARTUS,

                                    Respondent.
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **ROGER STEIN** Petitioner, *pro se* 00-B-2604 Clinton Correctional Facility P.O. Box 2001 Dannemora, NY 12929 | |
| **HON. ANDREW M. CUOMO** Attorney General for the State of New York Attorney for Respondent 120 Broadway New York, NY 10271 | **ALYSON J. GILL, ESQ.** Assistant Attorney General |

**GEORGE H. LOWE**
**United States Magistrate Judge**

### DECISION AND ORDER

**I.    BACKGROUND**

      Petitioner Roger Stein commenced this proceeding, *pro se*, on April 19, 2004. *See* Dkt. No. 1. On April 30, 2004, now-Chief United States District Judge Norman A. Mordue ordered Stein to file an amended pleading herein, *see* Dkt. No. 3, which Stein filed on May 14, 2004. *See* Dkt. No. 4 ("Am. Pet."). In his pleading, Stein argued that: i) the trial court committed reversible error when it failed to dismiss the indictment after Stein was deprived of his right to

testify before the grand jury; ii) the verdict was against the weight of the evidence; iii) the evidence presented at trial was insufficient to sustain the conviction; and iv) the County Court wrongfully denied Stein's suppression motion. *See* Am. Pet., Grounds One through Four.

On May 9, 2005, the Attorney General filed an answer and memorandum of law in opposition to Stein's pleading on behalf of the respondent. Dkt. Nos. 13-14. Petitioner thereafter submitted a "traverse" in further support of his request for federal habeas intervention. Dkt. No. 17.

On June 18, 2007, a consent was filed in this action wherein both parties consented to the jurisdiction of this Court to issue a dispositive ruling relating to Stein's amended pleading, Dkt. No. 26, and in a Memorandum-Decision and Order filed September 19, 2007, this Court denied and dismissed Stein's amended petition. *See* Dkt. No. 28 ("September, 2007 MDO").

On October 15, 2007, Stein filed a motion which seeks reconsideration of the September, 2007 MDO, Dkt. No. 32 ("Motion for Reconsideration"), which application is currently before this Court for review.

## II.  DISCUSSION

### A.  Standard of Review

Stein has filed his Motion for Reconsideration pursuant to FED.R.CIV.P. 60(b). *See* Motion for Reconsideration at p. 3. This Rule of the Federal Rules of Civil Procedure provides, in salient part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
>
> > On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final

> judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence
> could not have been discovered in time to move for a new
> trial under Rule 59(b); (3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or
> other misconduct of an adverse party; (4) the judgment is
> void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has
> been reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective
> application; or (6) any other reason justifying relief from
> the operation of the judgment....

FED.R.CIV.P. 60(b).

Stein does not claim that newly discovered evidence warrants the granting of his application. Nor does he claim that the judgment dismissing this action was obtained by fraud or other misconduct committed by the respondent, that the judgment is void, or that the adverse judgment has been satisfied. Rather, petitioner bases his application upon his claims that: 1) an error was committed by this Court in its September, 2007 MDO;[1] and/or 2) "other reason[s]" exist which justify relieving him from the judgment dismissing his amended petition. *See* Motion for Reconsideration; *see also* FED.R.CIV.P. 60(b)(1), (6).

**B.     Review of Stein's Arguments**

In support of his application, Stein initially re-asserts his claim that the County Court wrongfully denied his suppression motion. *See* Motion for Reconsideration at pp. 3-6; *see also* Am. Pet., Ground Four. However, Stein does not claim that this Court overlooked any argument he raised in support of his amended petition when it denied that application, but instead merely

---

[1] Petitioner does not claim that his motion must be granted because of inadvertence, surprise, or excusable neglect. *See* Motion for Reconsideration; *see also* FED.R.CIV.P.60(b)(1).

reiterates various claims which this Court has previously considered and found to be without merit in light of the Supreme Court's ruling in *Stone v. Powell*, 428 U.S. 465 (1976) and its progeny.[2] *E.g.*, September, 2007 MDO at pp. 18-22. Unfortunately for Stein, this aspect of his application appears to overlook the well-settled precept that "a motion for reconsideration 'is not a mechanism to allow parties to relitigate contentions and arguments already briefed, considered and decided.'" *Minicone v. United States*, No. 5:89-CR-173, 2007 WL 2572119, at *1 (N.D.N.Y. Aug. 31, 2007) (Munson, S.J.) (quoting *Yankelevitz v. Cornell University*, No. 95 CIV. 4593, 1997 WL 115651 at *2 (S.D.N.Y. Mar. 14, 1997)); *see also Henderson v. Metropolitan Bank & Trust Co.*, 502 F.Supp.2d 372, 376 (S.D.N.Y. 2007) ("[a] court should deny a motion for reconsideration when the movant seeks solely to relitigate an issue already decided") (internal quotation, citation and footnote omitted); *Edwards v. United States Dept. of Agriculture*, No. 04-CV-6051L, 2007 WL 700898, at *1 (W.D.N.Y. Mar. 1, 2007) (motion for reconsideration is not intended as a "vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to [previously] advance") (internal quotation and citations omitted). Thus, Stein's application cannot be granted based upon theories that he has previously asserted but have already been considered and rejected by this Court.

However, in addition to reasserting some of the same arguments Stein raised in his amended petition, he also asserts three new arguments in support of his motion for reconsideration. Specifically, he contends that such application must be granted because this

---

[2]   In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494.

Court:  1) improperly relied upon evidence not admitted at Stein's trial in arriving at its decision dismissing his amended habeas petition (*id.* at p. 7); 2) can properly consider the substance of Stein's fourth ground for relief notwithstanding *Stone* (*id.* at p. 10); and 3) erred when it found that Stein's girlfriend provided incriminating testimony against him at his trial.  *See* Motion to Vacate at pp. 7-11.

The Court will address each of these assertions *seriatim*.

### 1) Reliance Upon Evidence Not Admitted at Trial

Petitioner notes that in the September, 2007 MDO, this Court observed that "[f]orensic testing on a baseball cap that was found inside one of [Stein's] bags of clothes revealed the presence of the victim's blood."  Motion for Reconsideration at p. 7 (citations omitted); *see also* September, 2007 MDO at p. 20 n.12.  Stein notes that such evidence was suppressed by the County Court, and suggests that this Court's reference to that suppressed evidence in the September, 2007 MDO warrants the granting of his application.  *See* Motion for Reconsideration at p. 7.

In the portion of this Court's decision that Stein cites in support of this aspect of his application, this Court was merely recounting the facts that: i) the County Court held a hearing related to Stein's suppression motion; and ii) Onondaga County Court Judge Anthony Aloi thereafter issued a Decision and Order that granted in part and denied in part Stein's suppression application.  *See* September, 2007 MDO at p. 20; *see also* Appendix in Support of Appeal ("App."). at pp. A210-43.  In the foregoing discussion, this Court observed, in a footnote, that in granting Stein's suppression motion in part, Judge Aloi precluded the District Attorney from utilizing at trial evidence the police had seized from the home of an acquaintance of Stein;

specifically, a baseball cap that was found inside one of Stein's bags of clothes at that home which contained the victim's blood. *See* September, 2007 MDO at p. 20 n.12 (citing App. at pp. A138-39, A259).

Contrary to Stein's assertion, however, this Court did not rely upon that suppressed evidence in arriving at its decision to deny his amended habeas application. Rather, this Court merely cited that portion of the suppression order to highlight the fact that the trial court had conducted a reasoned method of inquiry into the relevant questions of fact and law raised by Stein's suppression application. *See* September, 2007 MDO at pp. 20-21.[3] Thus, Stein's motion for reconsideration cannot be granted on this basis.

### 2)     Failure to Consider Substance of Fourth Ground

As noted above, this Court found that it was prohibited from considering Stein's fourth ground for relief, in which he claimed that the County Court improperly denied Stein's suppression motion. *See* September, 2007 MDO at p. 22.[4] Specifically, this Court concluded that in light of *Stone*, the Second Circuit's subsequent decision in *Capellan v. Riley*, 975 F.2d 67 (2d Cir. 1992), and other district court cases decided in this Circuit, this Court was precluded from reviewing the substance of that claim, because Stein had failed to establish that an

---

[3]     The state court record reflects that Judge Aloi initially determined that Stein possessed standing to contest the search of the bags which he had left in the home of an acquaintance. *See* App. at p. A259. The County Court thereafter found that the items contained therein which had been seized by law enforcement agents – including the aforementioned blood-stained baseball cap – had to be suppressed because the search and seizure of those items conducted by the authorities had run afoul of the Fourth Amendment to the United States Constitution. *See* App. at p. A264.

[4]     Stein's suppression motion sought to suppress, *inter alia*, the admission into evidence of boots which Stein owned, as well as the blood evidence that was contained on those boots. *See* September, 2007 MDO at p. 18 (citing Am. Pet., Ground Four).

"unconscionable breakdown" had occurred in the process which New York has adopted that permits criminal defendants to assert Fourth Amendment challenges. *See* September, 2007 MDO at pp. 18-22. Stein appears to claim in his motion for reconsideration that, notwithstanding *Stone*, this Court can properly consider the substance of his fourth ground because "state courts [are] not responsible forums in which to bring constitutional claims such as is presented herein." Motion for Reconsideration at p. 10.

Unfortunately for Stein, the rule discussed in 1976 by the *Stone* Court has been reaffirmed by the Supreme Court as recently as this year. *See Wallace v. Kato*, ___ U.S. ___, 127 S.Ct. 1091 (2007). In that case, the Court reiterated the now-familiar holding of *Stone* when it observed that:

> Under *Stone*, Fourth Amendment violations are generally not cognizable on federal habeas, but they are cognizable when the State has failed to provide the habeas petitioner "an opportunity for full and fair litigation of a Fourth Amendment claim." [*Stone*,] 428 U.S., at 482.

*Wallace* ___ U.S. at ___ n.5, 127 S.Ct. at 1099 n.5.

"'Binding precedent for the district courts within a circuit is established by the Supreme Court and by the court of appeals for the circuit in which the district court sits.'" *Coram Healthcare Corp. v. Cigna*, No. 00 CIV. 2677, 2002 WL 32910044, at *7 (S.D.N.Y. July 24, 2002) (quoting *In re Ramaekers*, 33 F.Supp.2d 312, 315 (S.D.N.Y. 1999)). In light of the above, this Court declines Stein's invitation to disregard applicable Supreme Court and Second Circuit authority, and re-affirms its determination that it is precluded from considering the substance of Stein's fourth ground for relief because the record establishes that the state court conducted a reasoned method of inquiry into the relevant questions of fact and law concerning his

suppression application.

### 3) **Error Committed by Court**

In the final theory raised by Stein in support of his application, he claims that both the Appellate Division and this Court wrongfully concluded that Stein's girlfriend at the time of the homicide, H. Andrews, testified that hours before the homicide occurred, she observed Stein wearing boots which were subsequently found to contain the murder victim's blood. *See* Motion for Reconsideration at p. 11; *see also People v. Stein*, 306 A.D.2d 943, 943 (4th Dept. 2003); September, 2007 MDO at p. 17 n.9.

At trial, Detective Eric Carr of the Syracuse Police Department testified that after Stein claimed he was with Andrews during the weekend when the victim was killed, the detective questioned Andrews to verify Stein's alibi. *See* Transcript of Trial of Roger Stein (3/11/2002) ("Trial Tr.") at pp. 694-700. Detective Stein testified that Andrews informed him that when Stein left her house hours before the victim was killed, he was wearing "a white T-shirt, blue jeans and dark colored boots." *See* Trial Tr. at p. 700. Detective Richard Morris of the Syracuse Police Department similarly testified that he had questioned Andrews about what Stein was wearing before he left her residence on August 26, 2000, and that she told the detective that Stein "was wearing blue jeans, a white shirt and dark boots." Trial Tr. at p. 761.[5]

While petitioner may be correct in arguing that Andrews herself did not physically testify at his trial, she *de facto* testified at that proceeding – through the testimony of the detectives noted above. *E.g. U.S. v. Hernandez-Muniz*, 170 F.3d 1007, 1011 (10th Cir. 1999) (prosecutor

---

[5] The trial evidence established that, at the time of his arrest, Stein was wearing "dark colored boots." Trial Tr. at p. 701.

did not err in arguing to the jury that "the most important witness" at trial was an individual who never testified but whose statements were admitted "through the testimony of those to whom [the individual] had spoken"); *Shetterly v. Raymark Industries, Inc.*, 117 F.3d 776 (4th Cir. 1997) (deceased witness "testified through his daughter['s]" trial testimony).  Regardless, as both the Appellate Division and this Court properly found, the evidence at trial established that Andrews informed law enforcement agents that prior to the death of the victim, she observed Stein wearing boots which proved to contain the victim's blood.  *See* Trial Tr. at pp. 701-03, 896-97.  That evidence was part of the compelling evidence adduced at trial which established Stein's guilt of the depraved indifference murder of Paul Bravos.  *See*, *e.g.*, September, 2007 MDO at pp. 17-18 (Court's discussion of evidence presented at trial which demonstrated Stein's guilt).  Therefore, petitioner is not entitled to reconsideration of the Court's September, 2007 MDO denying and dismissing his amended petition on this final theory raised by him in his motion for reconsideration.

### C.     Motion for Certificate of Appealability

On October 22, 2007, Stein filed a motion for a Certificate of Appealability to enable him to appeal the denial of his habeas application to the Second Circuit.  *See* Dkt. No. 35; *see also* 28 U.S.C. § 2253.  However, as this Court noted in the September, 2007 MDO, such a certificate may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  *See* September, 2007 MDO at p. 22 (citing 28 U.S.C. § 2253(c)(2)).  For the reasons discussed in both the September, 2007 MDO and the present Decision and Order, this Court finds that Stein has failed to make such a showing herein.  The Court therefore denies Stein's request for a Certificate of Appealability.

**WHEREFORE**, after having considered Stein's Motion for Reconsideration, the September, 2007 MDO, various state court records, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED**, that Stein's Motion for Reconsideration (Dkt. No. 32) is **DENIED**, and it is further

**ORDERED**, that Stein's application for a Certificate of Appealability (Dkt. No. 35) is **DENIED**, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order upon the parties to this action by regular or electronic mail.

**IT IS SO ORDERED.**

Dated:    November 5, 2007
          Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge